UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SKYLER JAMES FOWLER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>STEVE SISOLAK, et al.,<br><br>　　　　　　Defendants. | Case No. 2:19-cv-01418-APG-DJA<br><br>**ORDER** |

Plaintiff Skyler James Fowler is in the custody of the Nevada Department of Corrections (NDOC). He has submitted a 195-page first amended complaint (FAC) under to 42 U.S.C. § 1983. ECF Nos. 10, 10-1, 10-2. Fowler separately submitted over 200 pages of exhibits. ECF Nos. 10, 10-1, 10-2, 12, 12-1, 12-2. The FAC includes 47 defendants, including 20 John Does, and asserts 43 claims based on a variety of events at High Desert State Prison. ECF No. 10-1 at 1-40. The FAC further notes that Fowler intends to file a motion requesting leave to file another amended complaint in the future. *Id.* at 20. I accept the FAC as the operative complaint.

**I.    THE FIRST AMENDED COMPLAINT**

I begin by advising Fowler of some of the requirements under the Federal Rules of Civil Procedure Federal Rule of Civil Procedure 8 states that a complaint must contain "a short and plain statement of the claim showing that [Fowler] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A 195-page complaint is not "short and plain." As such, I dismiss the FAC with leave to amend. If Fowler chooses to file a second amended complaint, he must be concise and direct with his allegations and include only the allegations that are necessary to state a claim on screening.

Second, Fowler may not raise multiple unrelated claims in a single lawsuit. The FAC identifies many defendants involved in many different alleged constitutional violations.[1] The Federal Rules of Civil Procedure do not permit a litigant to raise unrelated claims involving different defendants in a single action. Although all the defendants may be employees of NDOC and the alleged constitutional violations occurred while Fowler was incarcerated, that is not enough to consolidate all of the claims into a single lawsuit. Federal Rule of Civil Procedure 18(a) allows a plaintiff to bring multiple claims in a lawsuit when those claims are against the same defendant. Federal Rule of Civil Procedure 20(a) allows a plaintiff to include multiple parties in a lawsuit where the right to relief arises out of the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). "However, unrelated claims that involve different defendants must be brought in separate lawsuits." *Bryant v. Romero*, No. 1:12-CV-02074-DLB PC, 2013 WL 5923108, at *2 (E.D. Cal. Nov. 1, 2013) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). This rule is intended not only to avoid confusion that arises from bloated lawsuits but also to ensure that prisoners pay the required filing fees for their lawsuits and to prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).[2]

I will not address the individual claims in the FAC. But in the interest of judicial efficiency, I will point out several reoccurring problems in the FAC as guidance for Fowler. As an initial matter, Fowler attempts to bring multiple state law tort claims, including claims of

---

[1] Some individuals appear to be listed in every count based on their roles as supervisors. But the complaint generally fails to state colorable claims of supervisory liability.

[2] If Fowler needs to file multiple lawsuits to comply with this rule, he may do so by filing a new application to proceed *in forma pauperis* and a new complaint for each case.

2

gross negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. ECF No. 10-1 at 56-58.

Under Nevada law, the State of Nevada has generally waived sovereign immunity for state tort actions in state court. Nev. Rev. Stat. § 41.031(1). But in order to sue the State of Nevada or a state employee, a plaintiff is required to sue the State of Nevada or appropriate political subdivision. Nev. Rev. Stat. § 41.031(2) ("In any action against the State of Nevada, the action must be brought in the name of the State of Nevada on relation of the particular department, commission, board or other agency of the State whose actions are the basis for the suit.").

In *Craig v. Donnelly*, the Nevada Court of Appeals addressed whether a plaintiff had to name the State as party in a state court case and held that "while a plaintiff must name the State as a party to any state tort claims in order to comply with NRS 41.031 and NRS 41.0337, this statutory requirement does not apply to 42 U.S.C. § 1983 claims, even when brought in the same complaint as a plaintiff's state tort claims. 439 P.3d 413 (Nev. App. 2019). "Indeed, the State cannot be named as a party to a plaintiff's § 1983 civil rights claims." *Id.* at 414.

With respect to federal court cases, the State of Nevada has not waived its sovereign immunity. Nev. Rev. Stat. § 41.031(3). Generally, the State of Nevada and arms of the state cannot be sued in federal court. *See O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (holding that "Nevada has explicitly refused to waive its immunity to suit under the eleventh amendment . . . . The Supreme Court has made it clear that section 1983 does not constitute an abrogation of the eleventh amendment immunity of the states"). In *Stanley v. Trustees of California State Univ.*, 433 F.3d 1129 (9th Cir. 2006), the Ninth Circuit held that 28 U.S.C. § 1367 does not abrogate state sovereign immunity for supplemental state law claims. *Id.* at

1133-34. Although the State of Nevada may consent to federal court jurisdiction for state law claims through removal, this is not a removed case. *See Lapides v. Bd. of Univ. Sys. Of Ga.*, 535 U.S. 613 (2002) (holding that state's removal of suit to federal court constitutes waiver of its sovereign immunity).

Thus, if Fowler wishes to pursue state law tort claims against NDOC employees, he must bring his claims in state court. *See Hirst v. Gertzen*, 676 F.2d 1252, 1264 (9th Cir. 1982) (holding that, where Montana law deemed governmental entities indispensable parties in a state tort claim against a state employee, the federal court had no supplemental jurisdiction over the state tort claim if it had no jurisdiction over the indispensable party).

Next, Fowler states at the beginning of the FAC that "[a]ny supervisor whose individual acts are not described herein is held liable under a theory of supervisory liability" and that "Fowler alleges hereby that they had knowledge and a duty to correct." ECF No. 20. Fowler lists several defendants at the start of each count and then often refers to the "Defendants" generally, without specifying which of the listed defendants was responsible for, or aware of, the particular factual allegations.

"A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

"A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the

involvement—and the liability—of that supervisor." *Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011). "Thus, when a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates." *Id*. at 1207. As such, "a plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Id*.

Fowler's general, conclusory allegation at the beginning of the FAC that all supervisors had complete knowledge of all the allegations in the complaint is insufficient to state a colorable claim of supervisory liability. Rather, Fowler must allege specific facts demonstrating which supervisor(s) had knowledge of the specific allegations at issue and acquiesced in the unconstitutional conduct of his or her subordinates.

Finally, I will briefly note the legal standards underlying some of Fowler's claims. Fowler's claims primarily center on allegations of deliberate indifference to a serious medical need and unconstitutional conditions of confinement. The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment— and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id*. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*. (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). When determining whether the conditions of confinement meet the objective prong of the Eighth Amendment analysis, the court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment. *See Wright v. Rushen*, 642 F.2d 1129, 1133 (9th Cir. 1981). The amount of time to which the prisoner was subjected to the condition is a relevant consideration. *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).

## II. LEAVE TO AMEND

Fowler is granted leave to file a second amended complaint to cure the deficiencies of the FAC. If he chooses to file a second amended complaint, he is advised that a second amended complaint supersedes (replaces) the original complaint and any previous amended complaints. Thus, the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Fowler's second amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit. Moreover, Fowler should file the second amended complaint on this court's approved prisoner civil rights form, and it must be entitled "Second Amended Complaint."

If Fowler chooses to file a second amended complaint, he must do so within 60 days of entry of this order. If he chooses not to file a second amended complaint curing the stated deficiencies, this action will be dismissed without prejudice.

## III. CONCLUSION

I therefore order that the FAC (ECF Nos. 10, 10-1, 10-2) is the operable complaint.

I further order that the FAC (ECF Nos. 10, 10-1, 10-2) is dismissed in its entirety without prejudice. The Clerk of the Court will send Fowler a courtesy copy of the FAC.

I further order that if Fowler chooses to file a second amended complaint curing the deficiencies of the FAC as outlined in this order, he must file the second amended complaint within 60 days from the entry of this order.

7

I further order the Clerk of the Court to send to Fowler the approved form for filing a § 1983 complaint and instructions for the same. If Fowler chooses to file a second amended complaint, he should use the approved form and he must write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

I further order that if Fowler fails to file a second amended complaint curing the deficiencies outlined in this order, this action will be dismissed without prejudice.

Dated: May 1, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE