UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SKYLER JAMES FOWLER,<br><br>   Plaintiff<br><br>   v.<br><br>STEVE SISOLAK, et al.,<br><br>   Defendants. | Case No. 2:19-cv-01418-APG-DJA<br><br>**ORDER**<br><br>[ECF Nos. 13, 16, 20] |

On May 1, 2020, I screened plaintiff Skyler James Fowler's amended complaint, dismissing the amended complaint in its entirety without prejudice and with leave to amend. ECF No. 18.  On May 5, 2020, Fowler filed a motion for reconsideration, asking me to reconsider several points in the screening order. ECF No. 20.  Fowler has also filed two motions for a preliminary injunction. ECF Nos. 13, 16.

**I.   MOTION FOR RECONSIDERATION**

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003).  Reconsideration is appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Fowler has not put forth facts or law sufficient to persuade me to reverse my prior decision.  As such, I deny Fowler's motion for reconsideration.  But for Fowler's benefit, I will briefly address the issues he raised in his motion for reconsideration.

## A. Conclusory Allegations

In my screening order, I noted that Fowler alleged generally that all supervisors were aware of all information that he alleged and therefore are liable for all claims. ECF No. 18.  I explained that such a general allegation is insufficient to state a colorable claim of supervisory liability. *Id.*  In his motion for reconsideration, Fowler agrees that it was a mistake to make such general allegations but argues that he also included specific allegations against individual supervisors. ECF No. 20 at 3.

Although the amended complaint contains some specific allegations against certain supervisors, it also attempts to hold supervisors liable in many claims, without any explanation. For example, Count II includes a specific allegation about Minev, but also list several other defendants about whom there are no allegations. ECF No. 10 at 25-53.  I presume Fowler intends to bring claims against them for supervisory liability, but there are no factual allegations to support such claims in the amended complaint.  Similarly, Count XII lists six defendants, but does not include factual allegations about any of them. ECF No. 10-1 at 12-14.  Thus, as written, Count XII fails to state a colorable claim against any of the defendants.

Fowler has also filed a memorandum of law in support of his complaint. ECF No. 17.  In that document, Fowler attempts to provide further allegations about the supervisory role of some of the defendants and explain why they were included in certain claims. *Id.*  Although the document is titled a memorandum of law, Fowler adds allegations that are not present in the amended complaint, and the document functions as both a memorandum of law and a factual supplement to the complaint.   I will not piecemeal Fowler's allegations from multiple filings.  Fowler's operative complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit.

In the screening order, I granted Fowler leave to file a second amended complaint.  If Fowler chooses to file a second amended complaint, he should include more specific allegations about the specific actions that each individual supervisor took, or did not take, that he believes violated his constitutional rights.

### B.  State Tort Claims

In the screening order, I informed Fowler that federal courts do not have jurisdiction to hear Nevada state law tort claims against state employees, and that if Fowler wishes to pursue such claims, he must do so in state court. ECF No. 18.  Fowler argues that because he is naming the defendants in their individual capacity, he does not need to name the State of Nevada as party.  Fowler is incorrect.  Nevada law requires Fowler to name the State of Nevada as a defendant in any state law tort action against its employees, based on their actions or omissions as employees, regardless of whether they are being sued in their individual or official capacities. *See Craig v. Donnelly*, 439 P.3d 413, 413-15 (Nev. App. 2019) (noting that tort claims against NDOC employees in their individual capacities must be dismissed if the complaint does not name the State of Nevada as a defendant.)

Thus, Fowler cannot bring his state law tort claims unless he names the State of Nevada as a defendant.   But the State of Nevada has not waived its sovereign immunity. Nev. Rev. Stat. § 41.031(3).  Accordingly, the State of Nevada and arms of the state cannot be sued in federal court. *See O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (holding that "Nevada has explicitly refused to waive its immunity to suit under the eleventh amendment"). Accordingly, if Fowler wishes to pursue state law tort claims, he must do so in state court.

////

////

### C. Relationship Among Claims

In the screening order, I advised Fowler that under the Federal Rules of Civil Procedure, he may not bring unrelated claims against unrelated defendants. ECF No. 18. In his motion for reconsideration, Fowler argues that some the defendants against whom he brings claims of supervisory liability are included in each of his claims and that his claims are sufficiently interrelated that all of his claims should be brought in a single action. ECF No. 20 at 4-7.

As I noted in the screening order, many of the supervisory liability claims in the amended complaint are not sufficiently specific to state a colorable claim on screening. If the supervisory liability claims are dismissed for failure to state a claim, then the remaining claims are no longer sufficiently tied together in a single action. However, if Fowler's second amended complaint contains sufficiently specific factual allegations about the roles of supervisors in each of his individual claims to tie all the claims together, then Fowler may proceed on all of those claims in this action.

### D. Length and Conciseness

Finally, in the screening order, I noted that Federal Rule of Civil Procedure 8 states that a complaint must contain "a short and plain statement of the claim showing that [Fowler] is entitled to relief." ECF 18. Fowler's 195-page amended complaint was not short and plain. Fowler argues that his amended complaint is long because of the nature of the claims and that if he attempts to write a shorter second amended complaint, he may leave out some key details.

I did not set any page limit on Fowler's second amended complaint. I recognize that Fowler is acting *pro se* and has a limited understanding of what facts are necessary to include in a complaint. I will take that into consideration if Fowler chooses to file a second amended complaint. I also recognize that in order state colorable supervisory liability claims, Fowler will

4

need to add certain details to a second amended complaint.  However, in light of the guidance provided in this order, as well as the screening order, Fowler should do his best to make his second amended complaint as concise as possible.

## II. MOTIONS FOR PRELIMINARY INJUNCTION

Fowler filed two motions for preliminary injunctions based on the allegations in the amended complaint. ECF Nos. 13, 16.  In light of the screening order dismissing Fowler's amended complaint without prejudice, I also dismiss Fowler's motions for a preliminary injunction without prejudice.  If Fowler chooses to file a seconded amended complaint, he may renew his motion for a preliminary injunction at that time.

## III. CONCLUSION

I therefore order that the plaintiff's motions for a preliminary injunction **(ECF Nos. 13, 16) are denied** without prejudice.

It is further ordered that the plaintiff's motion for reconsideration **(ECF No. 20) is denied.**

Dated: May 7, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

5