UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SKYLER JAMES FOWLER,<br><br>   Plaintiff<br><br>v.<br><br>STEVE SISOLAK, et al.,<br><br>   Defendants | Case No.: 2:19-cv-01418-APG-DJA<br><br>**Order (1) Granting Motion for Leave to Amend Motions for Injunctive Relief, (2) Granting Motion for Leave to File Supplemental Exhibits, (3) Ordering Supplemental Briefing on Motions for Injunctive Relief, (4) Denying Motion to Strike, (5) Granting Motion to Extend Time to File Reply, (6) Granting Motion to Correct the Docket, and (7) Granting Motion for Court Action**<br><br>[ECF Nos. 42, 43, 44, 47, 49, 67] |

Plaintiff Skylar Fowler moved for injunctive relief in May 2020. ECF Nos. 27, 28. Although Fowler's second amended complaint had not been screened at the time, I nevertheless directed the Attorney General's Office to respond to the motion on the defendants' behalf. ECF No. 30.  The Attorney General's Office responded, which prompted Fowler to file motions for leave to amend his motions for injunctive relief to correct procedural deficiencies, for leave to file supplemental exhibits in support of his reply, and to strike exhibits attached to the defendants' opposition.  Fowler also filed a motion to correct the filing date for his reply or alternatively to extend time to file his reply.  And he moved to correct the way his motion for leave to amend and reply were docketed.  Finally, Fowler moved for the court to act on his previously filed motions for injunctive relief.

**A. Motions for Leave to Amend and to Supplement (ECF Nos. 43, 44)**

Fowler requests leave to amend his motions for injunctive relief after the defendants' opposition pointed out numerous procedural defects in his motions.  Fowler also moves to

supplement his reply brief with additional exhibits to support his motions for injunctive relief. The defendants oppose, arguing that Fowler should not get a chance to correct the deficiencies because even pro se litigants must comply with the Federal Rules of Civil Procedure and the Local Rules. The defendants also contend that Fowler could and should have submitted the new evidence with his initial motions.

I grant Fowler's motions to amend and to supplement his reply brief with additional evidence. However, in fairness to the defendants, I grant leave for the parties to file supplemental briefs. At the time I ordered the defendants to respond, there was no operative complaint that had been screened. Thus, the defendants were disadvantaged by not knowing which claims as to which defendants might survive screening. Additionally, Fowler's motion was procedurally improper, failing to address within it the legal standards or facts necessary to support the motion, instead attempting to incorporate by reference hundreds of pages from other filings on the docket.

Now that the third amended complaint has been screened and Fowler has filed amended motions for injunctive relief, along with supplemental evidence, the defendants may respond substantively on the merits, without the procedural infirmities and related difficulties those imposed. I therefore grant the defendants leave to file a supplemental opposition by November 16, 2020. Fowler may file a supplemental reply by November 27, 2020.

**B.  Motion to Strike (ECF No. 42)**

Fowler moves to strike exhibits attached to the defendants' opposition as unauthenticated, and he contends the information in the email exhibits should have been provided in affidavit form. Fowler also objects to the defendants filing his medical records as exhibits under seal because he cannot access the documents and thus does not know what the defendants have

provided to the court.  The defendants respond that Fowler has not explained why the emails are inadmissible and even if they are inadmissible, the court may consider them so long as the information contained within the exhibits would be admissible at trial.  As to the records under seal, the defendants note that I have already granted the motion to seal and the medical records are relevant to Fowler's motions for injunctive relief.

I deny Fowler's motion to strike the email exhibits because the Rules of Evidence are relaxed at the preliminary injunction stage. *See Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013) ("Due to the urgency of obtaining a preliminary injunction at a point when there has been limited factual development, the rules of evidence do not apply strictly to preliminary injunction proceedings.").  I deny Fowler's motion to strike the sealed medical records because they are relevant to Fowler's motions for injunctive relief.

However, Fowler should be given access to view the sealed medical records the defendants are using to oppose his motions.  In their motion to seal, the defendants indicated that they would send the sealed documents to the Facility Warden for Fowler to review upon a reasonable request.  It is unclear from the record before me whether that has been done, whether Fowler has requested access, and whether he was permitted that access.  I thus direct the defendants to provide a means for Fowler to access any sealed exhibits filed in connection with the defendants' original response and their supplemental response (if any) in adequate time for Fowler to prepare a supplemental reply.  The defendants may accomplish that through directly providing Fowler a copy of the exhibits or by providing them to the Facility Warden for Fowler to review.  Fowler notes that he has already used his allotted once-per-year hour to review his medical records. ECF No. 42 at 2.  The Facility Warden may not deny Fowler access to the sealed exhibits on the basis that he has already used his allotted hour.

**C. Motion to Correct Filing Date or to Extend Time (ECF No. 47)**

Fowler moves to correct the date his reply brief was filed or to extend the time in which to file the reply brief. I grant the motion in that I deem the reply brief timely filed.

**D. Motion to Correct the Docket (ECF No. 49)**

Fowler moves to correct the docket to break out certain parts of his motion for leave to amend and his reply into separate subparts. I grant the motion so that Fowler's filings comply with Local Rule IC 2-2(a)(3), which directs that exhibits and attachments be attached as separate files.

**E. Motion for Court Action (ECF No. 67)**

Fowler moves for me to act on his pending motions for injunctive relief. I grant the motion to the extent I am allowing him to amend his motion and attach supplemental exhibits and I am ordering supplemental briefing.

**F. Conclusion**

I THEREFORE ORDER that plaintiff Skylar Fowler's motions for leave to supplement and to amend **(ECF Nos. 43, 44) are GRANTED**.

I FURTHER ORDER that the defendants may file a supplemental opposition to plaintiff Skylar Fowler's motions for temporary restraining order and preliminary injunction by **November 16, 2020**. Fowler may file a supplemental reply by **November 27, 2020**. **Other than this supplemental briefing and further briefing or hearing I may order, the 90-day stay imposed by ECF No. 74 remains in place.**

I FURTHER ORDER that plaintiff Skylar Fowler's motion to strike **(ECF No. 42) is DENIED**.

I FURTHER ORDER that the defendants shall provide a means for Fowler to access any sealed exhibits filed in connection with the defendants' original response and their supplemental response (if any) in adequate time for Fowler to prepare a supplemental reply.

I FURTHER ORDER that plaintiff Skyler Fowler's motion to correct the filing date or alternatively to extend time **(ECF No. 47) is GRANTED**.

I FURTHER ORDER that plaintiff Skyler Fowler's motion to correct the docket **(ECF No. 49) is GRANTED**.  The clerk of court is instructed to remove pages 4-26 of ECF No. 44 and file those pages as ECF No. 44-1.  The clerk of court is instructed to remove pages 13-59 of ECF No. 45 and file those pages as ECF No. 45-1.

I FURTHER ORDER that plaintiff Skyler Fowler's motion for court action **(ECF No. 67) is GRANTED**.

DATED this 29th day of October, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE