UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SKYLER JAMES FOWLER,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>STEVE SISOLAK, et al.,<br><br>　　　　　　　　　Defendants. | Case No.  2:19-cv-01418-APG-DJA<br><br>**ORDER** |

This action began with a pro se civil rights complaint filed under 42 U.S.C. § 1983 by a state prisoner. Plaintiff Skyler James Fowler has submitted two applications to proceed *in forma pauperis*. ECF Nos. 6, 65. I deny Fowler's first application to proceed *in forma pauperis* as moot. Based on the financial information provided in the second application to proceed *in forma pauperis*, Fowler is unable to prepay the full filing fee in this matter.

I entered a screening order on October 26, 2020. ECF No. 74. The screening order imposed a 90-day stay, and a subsequent order assigned the parties to mediation by a court-appointed mediator. ECF Nos. 74, 80. The Office of the Attorney General has filed a status report indicating that settlement has not been reached and that it intends to proceed with this action. ECF No. 92.

During the stay, the defendants moved to consolidate this case with two other cases. ECF No. 83. I deny the motion without prejudice. Fowler moved for an extension to respond to the motion for consolidation. ECF No. 87. I deny that motion as moot. Fowler also filed a motion stating that he had difficulty submitting his mediation brief and asking that his brief be deemed timely. ECF No. 88. The mediation conference as already taken place. As such, I deny the motion as moot.

I THEREFORE ORDER that:

1. Fowler's first application to proceed *in forma pauperis* (**ECF No. 6**) **is DENIED** as moot. Fowler's second application to proceed *in forma pauperis* (**ECF No. 65**) **is GRANTED**. Fowler shall not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid. *See* 28 U.S.C. § 1915(b)(2).

2. Fowler is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance or service of subpoenas at government expense.

3. Based on 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **Skyler James Fowler, #1172934** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

4. The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Fowler's third amended complaint (ECF No. 62) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

5.     Service must be perfected within 90 days from the date of this order. *See* Fed. R. Civ. P. 4(m).

6.     Subject to the findings of the screening order (ECF No. 74), within 21 days of the entry of this order, the Attorney General's Office shall file a notice advising the court and Fowler of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal.  As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file under seal, but shall not serve Fowler, the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

7.     If service cannot be accepted for any of the named defendant(s), Fowler shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s).  For the defendant(s) as to which the Attorney General has not provided last-known-address information, Fowler shall provide the full name and address for the defendant(s).

8.     If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the third amended complaint (ECF No. 62) within 60 days from the date of this order.

9.     Fowler shall serve upon the defendant(s) or, if an appearance has been entered by counsel, upon their attorney, a copy of every pleading, motion or other document submitted for consideration by the Court.  If Fowler electronically files a document with the court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-

1(b); Nev. Loc. R. 5-1.  However, if Fowler mails the document to the court, he shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, Fowler shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein.  The court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

10. The defendants' motion to consolidate **(ECF No. 83) is DENIED** without prejudice.

11. Fowler's motion for an extension **(ECF No. 87)** and his motion to deem his mediation brief as timely **(ECF No. 88) are DENIED** as moot.

12. This case is no longer stayed.

DATED THIS  2nd day of February 2021.

_____
UNITED STATES DISTRICT JUDGE