1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Skyler James Fowler,

                 Plaintiff,

     v.

Steve Sisolak, et al.,

               Defendants.

Case No. 2:19-cv-01418-APG-DJA

**Order**

This matter is before the Court on the below motions:

| ECF No. 167 | Plaintiff's renewed motion for an order to produce and serve Plaintiff's entire medical file. |
| ECF No. 172 | Plaintiff's  motion to compel discovery |
| ECF No. 175 | Plaintiff's motion to extend discovery deadlines |
| ECF No. 183 | Plaintiff's motion to extend time to file a reply in support of ECF No. 167 |
| ECF No. 194 | Plaintiff's second motion to extend time to file a reply in support of ECF No. 167 |
| ECF No. 202 | Plaintiff's motion to deem his reply in support of ECF No. 172 timely |
| ECF No. 204 | Plaintiff's motion to replace the exhibits to ECF No. 201 |
| ECF No. 209 | Plaintiff's third motion to extend time to file a reply in support of ECF No. 167 |
| ECF No. 211 | Plaintiff's motion for issuance of summons to A. Cooper |

| | | |
|---|---|---|
| 1 | ECF No. 212 | Plaintiff's motion to extend time for serving the remaining defendants |
| 2 3 | ECF No. 215 | Plaintiff's motion to extend time to file a motion for leave to file a fourth amended complaint |
| 4 5 | ECF No. 219 | Plaintiff's motion to extend deadlines set by the scheduling order |
| 6 7 | ECF No. 230 | Plaintiff's motion to extend time to file a reply in support of ECF No. 213 |
| 8 | ECF No. 233 | Plaintiff's motion for leave to file documents via U.S. Postal Service or for an extension of time |

9      The Court finds these matters properly resolved without a hearing.  LR 78-1.

10   **I.      Background.**

11        ***A.       Plaintiff's motion to produce his medical file.***

12        This is Plaintiff's second request for his entire medical file.  (ECF No. 167).  The Court

13   initially denied Plaintiff's request for a copy of his medical records as being premature and

14   unsupported by proper points and authorities.  (ECF No. 136 at 2).  In that order, the Court

15   admonished Plaintiff to "utilize the appropriate discovery devices and comply with the Federal

16   Rules of Civil Procedure to obtain any discovery documents he requests."  *Id.*

17        Plaintiff objected to that order. (ECF No. 151).  Defendants responded to Plaintiff's

18   objections.  (ECF No. 160).  The Court has yet to rule on Plaintiff's objection.

19        ***B.       Plaintiff's motion to compel.***

20        Plaintiff moves to compel Defendants' responses to discovery requests and for certain

21   items to be deemed admitted.[1]  (ECF No. 172).  In it, Plaintiff addresses five sets of discovery

22   requests:

23        •   Plaintiff's first set of requests for admission, which he served
            on March 2, 2021 and to which Defendants responded on
24          April 2, 2021.

25

26

---

27   [1] Plaintiff also argues that the instant motion supersedes his previous motion to compel.  (ECF No. 164).  But Plaintiff withdrew that motion voluntarily on June 22, 2021.  (ECF No. 168).  The
28   Court will thus not address this argument.

- Plaintiff's first set of requests for production, which he served on March 22, 2021 which became due on April 21, 2021.

- Plaintiff's second set of requests for production, which he served on March 23, 2021 which became due on April 22, 2021.

- Plaintiff's third set of requests for production, which he served on April 28, 2021 which became due on May 28, 2021.

- Plaintiff's fourth set of requests for production, which he served on May 17, 2021 which became due on June 16, 2021.

Plaintiff explains that, on May 12, 2021, May 18, 2021, and May 27, 2021, he brought these matters to Defendants' counsel's attention during meet and confers and that, on June 9, 2021, Defendant's counsel agreed to set another meet and confer. Having heard nothing further, Plaintiff sent Defendant's counsel a letter on June 13, 2021 informing her that he would be filing a motion to compel. Plaintiff explains that, at the time he filed his motion on June 24, 2021, Defendant's responses to his four sets of requests for production were overdue. Plaintiff also argues that, although Defendants asserted that they would supplement their responses to Plaintiff's requests for admissions Nos. 13-15, and 19-20, he has not received any supplemental responses. Plaintiff requests: (1) that these requests for admissions be deemed admitted; (2) that the Court compel Defendants' responses to all of his requests for production other than to request No. 8 in the second set and request No. 14 in the third set; and (3) and that the Court deem all objections waived.

In response, Defendants argue that Plaintiff's motion fails because: (1) the parties had already met and conferred regarding the requests for admission: (2) Plaintiff moved to extend the discovery cutoff to address outstanding discovery; and (3) Defendants already responded to Plaintiff's requests for production. (ECF No. 192). First, regarding the requests for admission, Defendants explain that responding to these request for admission Nos. 13-15 and 19-20 require Defendant Jay Barth to review institutional records spanning years. Defendants explain that they told Plaintiff, "in response and via meet and confer, [] that Jay Barth will supplement his

responses to RFAs once permitted adequate time to review thousands of pages of institutional records." Defendants also add in a footnote that the parties have met and conferred many times before and after Plaintiff brought his motion. Second, regarding Plaintiff's motion to extend the discovery deadlines, Defendants argue that by filing his motion to extend (ECF No. 175), Plaintiff "has acquiesced that the instant motion [to compel] is improper and that he is willing to allow response time." Third, regarding responding to Plaintiff's requests for production, Defendants argue that they responded to Plaintiff's first and second sets of requests on June 29, 2021 and that they will "will immediately respond to Plaintiff's third set of requests for production." Defendants assert that Plaintiff failed to inform the Court that Defendants had complied with his requests and withdraw his motion. Defendants add that their counsel has been experiencing an extremely high case load and that Plaintiff has submitted 327 discovery requests, which is why they have had difficulty responding to Plaintiff's requests on time.

Plaintiff replies first, regarding the requests for admission, that he has still not received any supplement, despite being repeatedly promised one during meet and confer efforts both before and after he filed his motion. (ECF No. 201). He also points out that his requests for admission were not directed to Jay Barth, but to the Nevada Department of Corrections. Regardless, the Defendant's response is the first time, Plaintiff argues, that they brought up needing to review thousands of pages to supplement their responses. Second, regarding his motion to extend time, Plaintiff explains that he "did not state or even imply that he consented to retroactively extending the defendants' time to respond to the already late request, nor did he waive any objections related to the untimeliness." Third, regarding Defendants' argument that they already responded to Plaintiff's requests for production, Plaintiff explains that Defendants have only responded to two of four of his requests, five days after he filed his motion to compel, and that some of the responses still only state that Defendants will supplement. Plaintiff argues that he was not required to inform the Court that Defendants had responded or to withdraw his motion.

1          ***C.        Plaintiff's motions to extend time, to replace exhibits, and to issue summons.***

2          Plaintiff has filed numerous motions to extend time (ECF Nos. 175, 183, 194, 202, 209,

3  211, 212, 215, and 219), a motion to replace exhibits to his reply in support of his motion to

4  compel (ECF No. 204), and a motion to issue summons (ECF No. 211), all of which Defendants

5  have either explicitly unopposed or to which Defendants have not filed a response.  Plaintiff has

6  also filed two other motions for extensions to which Defendants are not yet due to respond: (1) a

7  motion to extend time to file a reply in support of his August 27, 2021 motion for appointment of

8  counsel (ECF No. 230); and (2) a motion for leave to file documents via U.S. Postal Service or

9  for an extension of time (ECF No. 233).

10          In his most recent motion for leave to file documents via U.S. Postal Service, Plaintiff

11  asks that the Court allow him to file three items—his reply in support of his motion for

12  appointment of counsel, a declaration in support of that reply, and a motion to extend time to

13  serve defendants—via U.S. Postal Service.  (ECF No. 233).  Plaintiff explains that these filings

14  were returned to him when he tried to file them through the Lovelock Correctional Center law

15  library and so he attempted again through the mail.  In the alternative, Plaintiff asks for an

16  extension of time to file these documents until October 18, 2019.  These three items—including

17  the reply for which Plaintiff sought an extension in ECF No. 230—were filed on October 14,

18  2021.  (ECF Nos. 234, 235, and 236).

19  **II.    Discussion.**

20          ***A.        The Court denies Plaintiff's motion for his medical file as premature.***

21          Plaintiff has already filed a request for his medical file (ECF No. 102), which this Court

22  initially denied as premature (ECF No. 136).  Plaintiff has also filed both an objection to this

23  Court's order denying his motion for his medical file (ECF No. 151) and a renewed motion for

24  his medical file (ECF No. 167).  However, because Plaintiff's objection to this Court's initial

25  order is currently pending in front of the District Judge, this Court denies Plaintiff's renewed

26  motion for his medical file as premature.  Plaintiff may choose to re-file his motion after the

27  outcome of the Court's decision on his objection.

28

1

**B.      *The Court grants Plaintiff's motion to compel in part.***

2

    1.      <u>The Court grant's Plaintiff's motion to compel responses to his first set of requests for admissions but denies his request to have these responses deemed admitted.</u>

3

4

5      A party may assert lack of knowledge or information as a reason for failing to admit or

6 deny a request for admission only if the party states that it has made reasonable inquiry and that

7 the information it knows or can readily obtain is insufficient to enable it to admit or deny.  *See*

8 Fed. R. Civ. P. 36(a)(4).  The responding party must give reasons why it cannot admit or deny a

9 request; boilerplate reasons are insufficient.  *See Jones v. Zimmer*, No. 2:12-cv-01578-JAD-NJK,

10 2014 WL 6772916, at *5 (D. Nev. Dec. 2, 2014).  When a responding party fails to comply with

11 these requirements, the Court has discretion to order that proper responses be provided or to deem

12 the request admitted.  *See id.* (citing *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242,

13 1245-47 (9th Cir. 1981)).  Nonetheless, a court should generally allow the responding party to

14 amend the request for admission and only impose the "severe" sanction of deeming responses

15 admitted where the responding party intentionally disregarded its obligations under Rule 36(a).

16 *See id.*

17      Here, the Court grants Plaintiff's motion to compel a supplement to his requests for

18 admission, but not to deem the requests admitted.  Defendant NDOC's[2] responses to Plaintiff's

19 requests for admission Nos. 13-15 and 19-20 all state, "[a]t this time Defendant is unable to

20 respond.  Defendant intends to supplement this response at a later time following review of

21 institutional records."  (ECF No. 172 at 49-50).  And indeed, requests for admission Nos. 13-15

22 and 19-20 require review of institutional records, asking for NDOC to analyze years of data.

23 These responses are thus not boilerplate and are reasonable.  Moreover, contrary to Plaintiff's

24 contention, Defendants' response is not the first time they have raised needing to review

25 institutional records.

26

27

28

---

[2] Defendant appears to have conflated Jay Barth's responses with NDOC's.  Because Plaintiff has moved to compel NDOC's responses, the Court addresses these requests.

1    Nonetheless, since responding on April 2, 2021 Defendants have now failed to

2    supplement their responses for 195 days.  This delay is particularly problematic because the

3    Federal Rules contemplate a party completing a "reasonable inquiry" before responding to a

4    request for admission, rather than completing that inquiry after.  But the Court does not find this

5    delay or technical noncompliance with the rules sufficient to impose the severe sanction of

6    deeming these requests admitted.  Defendants have demonstrated that they have not intentionally

7    disregarded their obligations, but that their counsel has been overworked.  And Defendants have

8    not failed to respond entirely, only to supplement.  The Court thus grants Plaintiff's motion to

9    compel a supplemental response to his requests for admissions Nos. 13-15 and 19-20 but denies

10    his request to have these requests deemed admitted.

         2.    The Court grants Plaintiff's motion to compel Defendants' responses to his
               requests for production and Plaintiff's request that their objections be
               waived.

14    Responses to requests for production are due thirty days after being served.  *See* Fed. R.

15    Civ. P. 33(b)(2)(A).  The "failure to object to discovery requests within the time required

16    constitutes a waiver of any objection."  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d

17    1468, 1473 (9th Cir. 1992).  If a court grants a motion to compel—or if the disclosure or

18    requested discovery is provided after the motion was filed—the court must, after giving an

19    opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the

20    party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred

21    in making the motion, including attorneys' fees."  Fed. R. Civ. P. 37(a)(5)(A).  The court must

22    not order payment if the movant filed the motion before attempting in good faith to obtain the

23    disclosure without court action, the opposing party's nondisclosure was substantially justified, or

24    other circumstances make an award of expenses unjust.  *Id.*

25    Here, the Court grants Plaintiff's motion to compel.  Defendants' responses to Plaintiff's

26    first, second, third, and fourth requests for production are overdue by 69, 68, 139, and 120 days,

27    respectively.  Defendants served their responses to Plaintiff's first and second requests for

28    production on June 29, 2021, five days after Plaintiff filed his motion to compel.  Their responses

to Plaintiff's second and fourth requests are still outstanding.  Plaintiff explains that he reminded Defendants of the outstanding discovery on numerous occasions during conferences, meet and confers, and lastly in a letter, but to no avail.

Defendants' arguments in response to Plaintiff's motion to compel are unpersuasive.   For example, Defendants' argument that Plaintiff has "acquiesced that [his motion to compel] is improper" by separately moving to extend discovery deadlines is untenable.  Moving to extend one deadline, does not by default extend the other.  Additionally, Plaintiff was under no obligation to separately inform the Court that he had received Defendants' responses to his discovery requests.  Even if he were, he did so in his reply.  And Plaintiff was under no obligation to voluntarily withdraw his motion to compel once Defendants responded to his discovery requests.  This is particularly true because Defendants responded late and did not respond to all of Plaintiff's discovery requests.

The Court does, however, recognize the incredible burden of cases placed on Defendants' counsel and the difficulties she and her office have faced.  The Court also recognizes that these burdens have not been helped by the addition of Plaintiff's 327 discovery requests.  To be clear, the Court will not look favorably on further, extensive discovery requests.  But Defendants' difficulties alone do not show that the delay in responding to Plaintiff's requests has been substantially justified.  Defendants have provided no evidence that they have requested extensions or that Plaintiff has been unreasonable in denying any.  To the contrary, Plaintiff has asserted that he has tried to resolve the outstanding discovery without Court intervention.  The Court thus grants Plaintiff's motion to compel and to deem Defendants' untimely objections waived.  Because the Court has granted Plaintiff's motion to compel, it must also order that Defendants pay Plaintiff's costs incurred in bringing the motion.

### C.   *The Court grants Plaintiff's requests for extension, to replace exhibits, and for summons.*

The failure of an opposing party to file points and authorities in response to any motion constitutes a consent to granting of the motion.  LR 7-2(d).  Under Federal Rule of Civil Procedure 4(c)(3), the Court must order service by a United States Marshal if the plaintiff is

authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.  Finally, the Court has broad discretion in controlling its docket and setting deadlines.  *See FTC v. Gill*, 265 F.3d 944, 954-55, 957 (9th Cir. 2001).

Here, the Court grants each of Plaintiff's motions to extend—some *nunc pro tunc* because the deadlines have already passed—that have gone unopposed.  (ECF Nos. 175, 183, 194, 202, 209, 212, 215, and 219).  Plaintiff's motion to replace the erroneously scanned exhibits to his reply in support of his motion to compel is also unopposed, and the Court thus grants it.  (ECF No. 204). The Court broadly construes Plaintiff's motion to issue summons—also unopposed—as an attempt to comply with this Court's orders and a request to re-attempt service on Ahjalee Cooper and grants that motion.  (ECF No. 211).  The Court denies Plaintiff's motion to file three items via U.S. Postal Service as moot because these items are now filed on the docket. (ECF No. 233). Finally, the Court grants Plaintiff's motion to extend time to file a reply in support of his motion to appoint counsel *nunc pro tunc* because Plaintiff has since filed his reply.  (ECF No. 230).

    **IT IS THEREFORE ORDERED** that Plaintiff's motion for his medical file (ECF No. 167) is **denied as premature**.

    **IT IS FURTHER ORDERED** that Plaintiff's motion to compel (ECF No. 172) is **granted in part**.

- Defendants shall supplement their responses to Plaintiff's requests for admissions Nos. 13-15 and 19-20 within thirty days, by **Thursday, November 18, 2021**.  The Court declines Plaintiff's request to deem these requests admitted.

- Defendants shall respond to Plaintiff's third and fourth set of requests for production within thirty days, by **Thursday, November 18, 2021**.  Defendants' objections to Plaintiff's first, second, third, and fourth set of requests for production are waived.

- Plaintiff shall file an explanation and calculation of the costs he has expended in filing this motion with the Court within thirty days, by **Thursday, November 18, 2021**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to issue summons (ECF No. 211) is **granted**.  The Clerk of Court is kindly directed to issue summons to Ahjalee Cooper and deliver the same, along with a copy of the third amended complaint, screening order (ECF Nos. 62 and 74), and this order to the U.S. Marshal for service.  The U.S. Marshal is kindly directed to attempt service one more time on Ahjalee Cooper using the address filed under seal at ECF No. 106. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 90 days from the date this order is entered.

**IT IS FURTHER ORDERED** that Plaintiff's motion to replace exhibits (ECF No. 204) is **granted**.  The Clerk of Court is kindly directed to replace the exhibits attached to ECF No. 201 with the exhibits attached to ECF No. 204.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file via U.S. Postal Service (ECF No. 233) is **denied as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motions to extend time (ECF Nos. 175, 183, 194, 202, 209, 212, 215, 219, and 230) are **granted**.

DATED: October 19, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE